HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEON D. BEHNKE,

    Plaintiff,

v.

DALE R. NELSON and ANY AND ALL DOES, EACH IN THEIR Individual Capacity,

    Defendants.

Case No. C05-5073 RBL

ORDER ON MOTION TO DISMISS

THIS MATTER comes on before the above-entitled Court upon the United States' Motion to Dismiss.

Having considered only the pleadings and taken the facts as pled in the complaint as true pursuant to Fed.R.Civ.P. 12(b)(6), the Court finds and rules as follows:

On or about April 12, 2005, plaintiff filed an "Amended Title 42, [sic] § 1983 Bivens Complaint for Civil Rights Damages." [Dkt. #5] In the amended complaint plaintiff sets forth four causes of action against Dale R. Nelson:

    1.    Fourth Amendment violation of right to be free from unreasonable seizure when "federal actors (defendants) did not charge the proper authorities within the IRS to acquire the proper authorization to seize private property";

    2.    Fourth Amendment violation of "right to be secure in his house, papers, and effects from unreasonable or violent unprovoked attacks, or unreasonable searches and seizures";

    3.    Fifth and Fourteenth Amendment due process violation, and;

    4.    Fraudulent levy under 26 U.S.C. § 6331(a).

As Mr. Nelson is apparently an employee of the IRS, the United States has moved to dismiss this action

1  pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6).

2  Initially, the Court notes that when a complaint is filed against employees of the IRS for acts done in
3  their official capacities, the United States is the proper party. *See Dugan v. Rank*, 372, U.S. 609, 622-23
4  (1962). Therefore, the United States Attorney may properly bring this motion to dismiss on behalf of the
5  United States.

6  The United States' motion is directed at each of the four claims brought by the plaintiff and sets forth
7  a myriad of reasons why plaintiff's complaint should be dismissed. The Court concurs in the analysis insofar
8  as plaintiff's complaint could be, and is properly read, as challenging the collection and assessment of taxes.
9  *See James v. U.S.,* 970 F.2d 750 (10th Cir. 1992) (plaintiff therein made similar failure to delegate arguments
10 as plaintiff in this case and the court referred to case as one really about the collection and assessment of taxes).
11 Therefore, this case cannot be maintained as a *Bivens* action, *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir.
12 2004), nor can it be maintained under the Federal Tort Claims Act, 28 U.S.C. § 2680(c).

13 Plaintiff, in an attempt to avoid the law which is clearly against him, argues that "this case is NOT about
14 taxes. It is about what authority defendants have to administer and enforce internal revenue laws (subtitle A
15 and C laws) within the several 50 states." Dkt. #14, p. 5, ll. 18-20. He takes the position that the action taken
16 by Mr. Nelson to levy his wages was somehow not delegated to him through the Commissioner of the IRS,
17 who in turn did not have the authority properly delegated to him by the Secretary of the Treasury. Plaintiff's
18 position is mistaken. IRS agents such as Mr. Nelson have the authority to issue the levy that plaintiff
19 complains of here. *See e.g., Lonsdale v. United States,* 919 F.2d 1440, 1444-47 (10th Cir. 1990); *United States*
20 *v. Upton*, 841 F. Supp. 40, 42 (D. Conn. 1993). It is therefore

21 ORDERED that the United States' Motion to Dismiss [Dkt. #8] is **GRANTED** and Plaintiff's Motion
22 to Strike [Dkt. #11] is **DENIED**. Plaintiff's Motion Requesting Service by the U.S. Marshal [Dkt. #4] and
23 Motion for Extension of Time to Effect Service [Dkt. #10] are **DENIED** as moot. The clerk shall enter
24 judgment in favor of all defendants and against the plaintiff.

25
26
27
28

      The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

      Dated this 29th day of June, 2005.

                                  */s/ Ronald B. Leighton*
                                  RONALD B. LEIGHTON
                                  UNITED STATES DISTRICT JUDGE